1  MARK D. LONERGAN (State Bar No. 143622)
   MARY KATE SULLIVAN (State Bar No. 180203)
2  THOMAS N. ABBOTT (State Bar No. 245568)
   tna@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant WELLS FARGO
7  BANK, N.A., successor by merger to Wells
   Fargo Home Mortgage (*incorrectly sued*
8  *separately as WELLS FARGO BANK, N.A., as*
   *successor by merger to Wells Fargo Bank*
9  *Southwest, N.A., which was formerly known as*
   *Wachovia Mortgage FSB, which was formerly*
10 *known as World Savings Bank, FSB; and WELLS*
   *FARGO HOME MORTGAGE, a Division of*
11 *WELLS FARGO BANK, N.A.*)

12

13                    UNITED STATES DISTRICT COURT

14          EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

15

16 | JASON HUNT on behalf of himself and all   | Case No.  2:13-cv-02435-MCE-KJN
   | others similarly situated,                |
17 |                                           | **WELLS FARGO BANK, N.A.'S NOTICE
   |                                           | OF MOTION AND MOTION TO DISMISS
   |               Plaintiff,                  | THE COMPLAINT OF PLAINTIFF
18 |                                           | JASON HUNT; MEMORANDUM OF
   |          vs.                              | POINTS AND AUTHORITIES IN
19 |                                           | SUPPORT THEREOF**
   | WELLS FARGO BANK, N.A. as successor       |
20 | by merger to Wells Fargo Bank Southwest,  | [Filed concurrently with [Proposed] Order]
   | N.A., which was formerly known as Wachovia|
21 | Mortgage FSB, which was formerly known as | Date:       February 6, 2014
   | World Savings Bank, FSB; and WELLS        | Time:       2:00 p.m.
22 | FARGO HOME MORTGAGE, a Division of        | Crtrm.:     7; 14th Floor
   | WELLS FARGO BANK, N.A., DOES- 1-50        | Judge:      Hon. Morrison C. England, Jr.
23 | inclusive,                                |
   |                                           | Action Filed:    September 16, 2013
24 |               Defendants.                 | Action Removed: November 21, 2013
   |                                           | Trial Date:      N/A
25

26

27

28

**TO THE COURT AND PLAINTIFF HEREIN**:

**PLEASE TAKE NOTICE** that on February 6, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7, 14th floor of the above entitled Court, Defendant WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Home Mortgage (*incorrectly sued separately as WELLS FARGO BANK, N.A., as successor by merger to Wells Fargo Bank Southwest, N.A., which was formerly known as Wachovia Mortgage FSB, which was formerly known as World Savings Bank, FSB; and WELLS FARGO HOME MORTGAGE, a Division of WELLS FARGO BANK, N.A.*) ("Wells Fargo") will and hereby does move the Court to dismiss Plaintiff JASON HUNT's ("Plaintiff") Complaint without leave to amend.  This Motion is made and based upon Federal Rule of Civil Procedure 8(a) and 12(b)(6) on the substantive grounds that allegations contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of hearing or any matters of which judicial notice is requested and/or is taken.

DATED:  January 6, 2014                 Respectfully submitted,

                                        SEVERSON & WERSON
                                        A Professional Corporation


                                        By:  _____/s/ Thomas N. Abbott_____
                                                    Thomas N. Abbott

                                        Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Home Mortgage (*incorrectly sued separately as WELLS FARGO BANK, N.A., as successor by merger to Wells Fargo Bank Southwest, N.A., which was formerly known as Wachovia Mortgage FSB, which was formerly known as World Savings Bank, FSB; and WELLS FARGO HOME MORTGAGE, a Division of WELLS FARGO BANK, N.A.*)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD AND PERTINENT FACTS ........................................... 2

        A.      Legal Standard on Motion to Dismiss ................................................ 2

        B.      Statement of Pertinent Facts ............................................................... 2

III.    LEGAL ARGUMENT ....................................................................................... 3

        A.      The First, Second, and Third Causes of Action are Time Barred ........................... 3

        B.      The First Cause of Action Under Section 580b Fails Because Plaintiff Fails
                to Allege a Deficiency Judgment or the Threat of Personal Liability
                Following the Closing of the Short Sale in June 2010 .............................................. 4

        C.      The Second Cause of Action Under the RFDCPA Fails Because Neither
                Enforcement of a Secured Interest in Real Property nor Involvement in a
                Short Sale Transaction Constitutes 'Debt Collection' by a 'Debt Collector'
                Under the Statute ................................................................................................... 5

        D.      The Third Cause of Action Under the FDCPA Fails on the Same Grounds
                as the RFDCPA Claim—Plaintiff fails to Establish 'Debt Collection' by a
                'Debt Collector' as Defined Under the Statute, or Unlawful Conduct .................... 6

        E.      The Fourth Cause of Action Under Section 17200 is Derivative of
                Plaintiff's Other Claims and Accordingly Lacks Merit for the Same
                Reasons that Plaintiff's First, Second and Third Causes of Action Fail .................. 7

IV.     CONCLUSION ................................................................................................... 8

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Home Mortgage (*incorrectly sued separately as WELLS FARGO BANK, N.A., as successor by merger to Wells Fargo Bank Southwest, N.A., which was formerly known as Wachovia Mortgage FSB, which was formerly known as World Savings Bank, FSB; and WELLS FARGO HOME MORTGAGE, a Division of WELLS FARGO BANK, N.A.*) ("Wells Fargo") respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in response to the Complaint of JASON HUNT ("Plaintiff" or "Hunt")

### I.

### INTRODUCTION

Plaintiff's putative class action lawsuit is based on a false and fallacious premise: that his contribution of $2,500 in June 2010 violated California Code of Civil Procedure section 580b (hereafter, "Section 580b").  On this premise, Plaintiff alleges causes of action under Section 580b, California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), and California Business & Professions Code section 17200 ("Section 17200" or "UCL").

Plaintiff's central premise is fatally flawed for several independent reasons.  First, the causes of action under Section 580b, the RFDCPA, and the FDCPA are time barred.  The events alleged in the Complaint occurred more then three (3) years ago.  However, the most generous limitations period under these statutes is three (3) years.  Second, the challenged conduct—Plaintiff's contribution of $2,500 to a short sale transaction that closed on June 30, 2010—was lawful under California law.  As such, the allegation that Plaintiff had to pay $2,500 does not support any of the alleged causes of action.  Finally, the allegations in the Complaint do not establish that Wells Fargo acted as a 'debt collector' engaged in 'debt collection' as defined under either the RFDCPA or FDCPA.

For these reasons, and as more fully stated below, Wells Fargo seeks an order granting its Motion to Dismiss with prejudice.

/ / /

/ / /

## II.

## LEGAL STANDARD AND PERTINENT FACTS

**A.    Legal Standard on Motion to Dismiss**

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A claim is properly dismissed for: (1) lack of a cognizable legal theory, (2) absence of sufficient facts alleged under a cognizable legal theory, or (3) for seeking remedies to which a plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

With respect to the second ground for dismissal, absence of sufficient facts, the Federal Rules of Civil Procedure require that a complaint include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead sufficient facts "to provide the 'grounds' of her 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561-62 (citation omitted).

Moreover, contentions of law cannot serve in place of allegations of ultimate fact. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although facts properly alleged must be construed in favor of the plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, 18 F.3d at 754-55.

**B.    Statement of Pertinent Facts**

In April 2006, Hunt borrowed $218,792.00 from The National Bank of Kansas City, securing his promise to repay the sum by executing and delivering a deed of trust against the real property

1  known as 2001 Club Center Drive, #1140, Sacramento, California 95833 ("Property").  (*See* Compl.

2  ¶¶ 15-16.)

3      In June 2010, Plaintiff sought Wells Fargo's consent to a short sale.  (*See* Compl. ¶ 3.)  Wells

4  Fargo consented to the short sale on condition that Plaintiff pay $2,500 as part of the transaction.  (*See*

5  *id.*)  The short sale transaction closed escrow on June 30, 2010.  (Compl. ¶ 23.)

6  **III.**

7  **LEGAL ARGUMENT**

8  **A.    The First, Second, and Third Causes of Action are Time Barred**

9      Dismissal pursuant to Rule 12(b)(6) is proper where "the complaint, read with the required

10  liberality, would not permit the plaintiff to prove that the statute was tolled."  *Morales v. City of Los*

11  *Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th

12  Cir. 1999)).  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to

13  obtain vital information bearing on the existence of his claim."  *Leong v. Potter*, 347 F.3d 1117, 1123

14  (9th Cir. 2003).

15      The short sale transaction in which Plaintiff contributed $2,500 closed on June 30, 2010.

16  (Compl. ¶ 23.)  Plaintiff commenced this action on September 16, 2013.  (*See* Compl. at p. 1.)  As

17  such, he waited **three (3) years**, **two (2) months**, and **seventeen (17) days**.

18      Plaintiff's first cause of action is based on Section 580b.  An action based on a statute that does

19  not provide its own limitations period must commence within three (3) years.  Cal. Civ. Proc. Code

20  § 338(a).  An action is based on a statute where there would be no cause of action "but for the statute."

21  *Shewry v. Begil*, 128 Cal.App.4th 639, 644 (2005).  Section 580b does not provide its own limitations

22  period, and therefore, the three year limitations period under section 338(a) applies.  As such, Plaintiff

23  had to commence this action on or before July 1, 2013, and because he waited until September 2013,

24  this claim is untimely.

25      Plaintiff's second cause of action is based on the RFDCPA and his third cause of action is

26  based on the FDCPA.  An action based on the RFDCPA must "be brought . . . within one year from

27  the date of the occurrence of the violation."  Cal. Civ. Code § 1788.30(f).  Similarly, an action based

28  on the FDCPA must also "be brought . . . within one year."  15 U.S.C. § 1692k(d).  As such, Plaintiff

1   had to commence an action for these claims on or before June 30, 2011, and because he waited until

2   September 2010, these claims are also untimely.

3   **B.    The First Cause of Action Under Section 580b Fails Because Plaintiff Fails to Allege a Deficiency Judgment or the Threat of Personal Liability Following the Closing of the Short Sale in June 2010**

5        Plaintiff secured Wells Fargo's agreement to a short sale[1] by consenting to contribute $2,500

6   to the transaction.  Plaintiff now contends that Wells Fargo's acceptance of the $2,500 violates Section

7   580b.  (Compl. ¶¶ 23, 35-38.)  Separate and apart from the fact that this claim is time barred, the claim

8   fails because the Complaint does not establish conduct violating Section 580b.

9        If a deed of trust secures a purchase money loan, then Section 580b bars the lender from

10  recovering any *deficiency judgment* following sale of the property.  CAL. CIV. PROC. CODE § 580b.

11  Section 580b that was in effect in June 2010 provides:

12      **No deficiency judgment shall lie in any event after a sale of real property** or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or **under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling** occupied, entirely or in part, by the purchaser.

17  CAL. CIV. PROC. CODE § 580b (2010) (emphasis added); *accord*: *Dahlgren v. JP Morgan Chase &*

18  *Co.*, 12CV2367-GPC BGS, 2013 WL 3190727, at *3 (S.D. Cal. June 20, 2013).

19       "A deficiency judgment is a personal judgment against the debtor-mortgagor for the difference

20  between the fair market value of the property held as security and the outstanding indebtedness."

21  *Cornelison v. Kornbluth*, 15 Cal.3d 590, 603 (1975).   As one court put it, after the sale "section 580b

22  closes the courthouse door on any creditor's collection efforts against the mortgagor." *Herrera v. LCS*

23  *Fin. Servs. Corp.*, C09-02843 TEH, 2009 WL 2912517, at *8 (N.D. Cal. Sept. 9, 2009).

24       The California Supreme Court explained: "section 580b prevents the aggravation of the

25  _____

26       [1] "A 'short sale' is the 'voluntary' sale of mortgaged property by the borrower where the borrower 'secures the agreement of the [lender] to release the mortgage upon a bona fide sale to a

27  third party for an agreed upon price below the mortgage loan balance.'" *Rex v. Chase Home Fin. LLC*, 905 F.Supp.2d 1111, 1120 n.4 (C.D. Cal. 2012).

28

1   downturn that would result if defaulting purchasers were *burdened with large personal liability*"

2   should the security prove inadequate.  *Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 42 (1963)

3   (emphasis added).  Thus, Section 580b was enacted to eliminate the threat of post-sale personal

4   liability caused by a personal judgment against the borrower.  Put another way, Section 580b protects

5   borrowers from *lingering* liabilities following a sale of the security on a purchase money loan.

6        Plaintiff does not allege that Wells Fargo seeks a *deficiency judgment* and there is no threat of

7   personal liability following the short sale transaction that closed in June 2010.  Instead, Plaintiff takes

8   issue with the fact that he had to secure Wells Fargo's agreement to releasing its deed of trust by

9   contributing $2,500 to the transaction.  However, securing a lender's agreement to a short sale by

10  contributing funds to the transaction was[2] part and parcel of a short sale transaction.  *See Rex*, *supra*,

11  905 F.Supp.2d 1120 n.4; *see also Espinoza v. Bank of Am., N.A.*, 823 F.Supp.2d 1053, 1059 (S.D. Cal.

12  2011) ("[T]he short sale process remains voluntary on every participant's part. . .")

13       Accordingly, Plaintiff's reliance on Section 580b is misguided on at least two separate

14  grounds.  First, he challenges pre-sale conduct, i.e., Wells Fargo's acceptance of Plaintiff's $2,500

15  contribution as an inducement for its participation in the short sale and voluntary release of its deed of

16  trust.  Second, he alleges no conduct that can be described as seeking a *deficiency judgment* or

17  creating the threat of personal liability after the short sale closed on June 30, 2010.  Accordingly, the

18  Complaint fails to state a claim under Section 580b.

19  **C.    The Second Cause of Action Under the RFDCPA Fails Because Neither Enforcement of a
        Secured Interest in Real Property nor Involvement in a Short Sale Transaction
20      Constitutes 'Debt Collection' by a 'Debt Collector' Under the Statute**

21       Plaintiff's second cause of action asserts violation of the RFDCPA.  (Compl. ¶¶ 42-45.)  The

22  allegation is premised on the notion that the conduct alleged in connection with the short sale

23  transaction that closed on June 30, 2010 was unfair or deceptive.  (Compl. ¶ 44.)  As stated in Section

24

25       [2] Effective July 15, 2011, lenders can no longer require a contribution payment from the
    borrower in exchange for its consent to a short sale.  *See* CAL. CIV. PROC. CODE § 580e, subd. (b).

26  However, the amendment to section 580e is not retroactive.  *Bank of Am., N.A. v. Roberts*, 217
    Cal.App.4th 1386, 1393-94 (2013), review denied (Oct. 30, 2013).  The short sale transaction at issue

27  here closed escrow on June 30, 2010.  (Compl. ¶ 23.)

28

1    III.A above, this claim fails because it is untimely.  Separate and apart from this fatal flaw, the claim

2    lacks merit because the RFDCPA does not apply to the conduct alleged in the Complaint.

3           The foundation to any claim under the RFDCPA is the allegation that a defendant is both a

4    "debt collector" and engaged in the act of "debt collection."  CAL. CIV. CODE § 1788.1, subd. (2)(b) &

5    (c).  Conclusory allegations are not sufficient.  *Sipe v. Countrywide Bank*, 690 F.Supp.2d 1141, 1151

6    (E.D. Cal. 2010).

7           Enforcement of a security interest in real property, i.e., foreclosure, does not constitute debt

8    collection for purposes of the RFDCPA.  *Altman v. PNC Mortgage*, 850 F.Supp.2d 1057, 1071 (E.D.

9    Cal. 2012) (citing cases); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).

10   Specifically relevant to the Complaint, conduct relating to a short sale or potential non-judicial

11   foreclosure is not debt collector activity under the RFDCPA either.  *Id.* at 1071-72.

12          Even if Plaintiff had sufficiently established that Wells Fargo is a debt collector for purposes

13   of the RFDCPA—which he does not—the Complaint fails to state a claim because the challenged

14   conduct is neither unfair nor deceptive.  As stated above, Plaintiff induced Wells Fargo to voluntarily

15   participate in the short sale transaction—i.e., releasing its deed of trust—by offering to contribute

16   $2,500.  Wells Fargo was not required to voluntarily release its deed of trust, but Plaintiff's

17   contribution made doing so sensible under the circumstances.  There is nothing unfair or deceptive

18   about this arrangement.

19          Accordingly, Plaintiff fails to establish that Wells Fargo was a 'debt collector' engaged in

20   'debt collection.'  On this basis alone, the claim is fatally flawed.  Further, Plaintiff fails to establish

21   that Wells Fargo acted in a manner prohibited by the RFDCPA.  On this basis too, the claim fails.

22   Either flaw dooms the second cause of action; both flaws support the conclusion that this claim cannot

23   be remedied by further amendment to the pleadings.

24   **D.    The Third Cause of Action Under the FDCPA Fails on the Same Grounds as the
         RFDCPA Claim—Plaintiff fails to Establish 'Debt Collection' by a 'Debt Collector' as
25       Defined Under the Statute, or Unlawful Conduct**

26          Plaintiff's third cause of action asserts violation of the FDCPA.  (Compl. ¶¶ 47-51.)  Plaintiff

27   contends that the short sale transaction violated 15 U.S.C. §§ 1692e and 1692f.  (Compl. ¶ 50.)  Like

28   Plaintiff's other claims, this claim is time barred as set forth in Section III.A herein.

1   Section 1692e prohibits a "debt collector" from using false, deceptive, or misleading

2   representations as a means of collecting a debt.  Plaintiff contends Wells Fargo violated subdivision

3   (2)(A), which prohibits a false representation of the "character, amount, or legal status of any debt."

4   Section 1692f prohibits a "debt collector" from using unfair or unconscionable means to collect a

5   debt.  Plaintiff contends Wells Fargo violated subdivision (1), which bars collection of any amount not

6   expressly authorized by the agreement creating the debt or permitted by law.

7   To state a claim for violation of the FDCPA, Plaintiff must establish that Wells Fargo falls

8   within the FDCPA's definition of a "debt collector" engaged in 'debt collection.'  *Jara v. Aurora*

9   *Loan Servs.*, 852 F.Supp.2d 1204, 1210 (N.D. Cal. 2012)  However, a mortgage servicing company or

10  assignee of the debt is not a 'debt collector' for purposes of the FDCPA.  *Lal v. Am. Home Servicing,*

11  *Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010) (citing cases).  Further, enforcement of a secured

12  interest in real property is not 'debt collection' within the meaning of the FDCPA.  *Cromwell v.*

13  *Deutsche Bank Nat. Trust Co.*, C 11-2693 PJH, 2012 WL 244928, at 2 (N.D. Cal. Jan. 25, 2012)

14  (collecting cases); *see also Herrejon v. Ocwen Loan Servicing, LLC*, --- F.Supp.2d ---, 2013 WL

15  5934148, at *9 (E.D. Cal. Nov. 1, 2013).

16  Separate and apart from the foregoing flaw, Plaintiff fails to establish how his contribution of

17  $2,500 as an inducement to Wells Fargo's consent to the short sale—and the concomitant consent to

18  releasing its deed of trust for less than the full amount owed—constituted a false representation or was

19  otherwise unfair or unconscionable.  Plaintiff wanted to avoid the stigma of a foreclosure and induced

20  Wells Fargo to cooperate with a short sale by contributing $2,500 to the transaction.  There was

21  nothing untoward about this arrangement in 2010.

22  Accordingly, Plaintiff fails to establish the threshold elements of his FDCPA claim, that Wells

23  Fargo is a 'debt collector' engaged in 'debt collection' as these terms are defined under the statute.

24  Or, that Wells Fargo otherwise acted improperly with respect to the contribution requirement.

25  **E.     The Fourth Cause of Action Under Section 17200 is Derivative of Plaintiff's Other
        Claims and Accordingly Lacks Merit for the Same Reasons that Plaintiff's First, Second**
26  **and Third Causes of Action Fail**

27  Plaintiff's fourth cause of action asserts violation of California Business & Professions Code

28  section 17200 ("Section 17200" or "UCL").  (Compl. ¶¶ 53-58.)  Plaintiff applies Section 17200 to

1   borrower "violations from other statutes and laws."  (Compl. ¶ 54.)

2        Section 17200 can incorporate conduct unlawful under other statutes as a violation of the UCL

3   as Plaintiff contends.  *See Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505 (1999).  However,

4   because Section 17200 requires an underlying violation of law, a defense to the predicate claim is a

5   defense to the alleged violation of the UCL.  *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th

6   164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of

7   action); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998) (a defense to the

8   underlying offense is a defense under the UCL); *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d

9   1192, 1203 (9th Cir. 2001) (dismissing section 17200 claim where underlying negligence and fraud

10   claims were insufficient as a matter of law).  As explained, *supra*, Plaintiff's reliance on Section 580b

11   is misguided and his claims under the RFDCPA and FDCPA fail too—each on multiple independent

12   grounds separate and apart from the time barred nature of those claims.  As such, Plaintiff fails to

13   establish the necessary predicate offense on which to base his UCL claim.

14                 **IV.**

15             **CONCLUSION**

16        Plaintiff's lawsuit is premised on a false notion: that his contribution of $2,500 toward the

17   short sale transaction was improper.  For the reasons stated herein, the Court should grant this Motion

18   to Dismiss with prejudice and without leave to amend.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   DATED:  January 6, 2014                    Respectfully submitted,

2                                              SEVERSON & WERSON
                                               A Professional Corporation
3

4

5                                              By:        /s/ Thomas N. Abbott
                                                          Thomas N. Abbott
6

7                                              Attorneys for Defendant WELLS FARGO BANK,
                                               N.A., successor by merger to Wells Fargo Home
8                                              Mortgage (*incorrectly sued separately as WELLS
                                               FARGO BANK, N.A., as successor by merger to Wells
9                                              Fargo Bank Southwest, N.A., which was formerly known
                                               as Wachovia Mortgage FSB, which was formerly known
10                                             as World Savings Bank, FSB; and WELLS FARGO
                                               HOME MORTGAGE, a Division of WELLS FARGO
11                                             BANK, N.A.*)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28