1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  JASON HUNT, individually, and on          No.  2:13-cv-02435-MCE-KJN
    behalf of others similarly situated,
12
                         Plaintiff,
13                                             **MEMORANDUM AND ORDER**

14         v.

15  WELLS FARGO BANK, N.A., as
    Successor by merger to Wells Fargo
16  Bank Southwest, N.A.; WELLS
    FARGO HOME MORTGAGE, a
17  division of Wells Fargo Bank, N.A.;
    and DOES 1 through 50, inclusive;
18
                         Defendants.
19

20         Jason Hunt ("Plaintiff") proceeds in this action on behalf of himself and others

21  similarly situated, seeking damages incurred as a result of Defendant Wells Fargo's

22  ("Defendant") alleged practice of requiring monetary contributions from defaulting

23  purchasers of real property in exchange for its agreement to allow a short sale of the

24  property.  Presently before the Court is Defendant's Motion to Dismiss ("Motion")

25  Plaintiff's Complaint on the grounds that his claims are barred by the respective statutes

26  of limitations and are otherwise meritless.  For the reasons stated below, Defendant's

27  Motion is GRANTED with leave to amend.[1]

28  _____
         [1] Because oral argument was not of material assistance, the Court ordered this matter submitted

                                              1

1

2

## BACKGROUND[2]

3

In April 2006, Plaintiff purchased real property in Sacramento, California, by entering into a purchase money loan with Defendant's predecessor in interest, National Bank of Kansas City.  The loan was secured by a deed of trust recorded against the property.  Beginning in 2009, as a result of the economic crisis sweeping the nation, the value of Plaintiff's property decreased significantly, such that he owed more money on the loan than the property was worth.  Plaintiff eventually found himself unable to afford his payments.  To avoid foreclosure, Plaintiff requested that Defendant consent to a short sale of his property, which would release Plaintiff from his obligations under the loan.  In May 2010, Defendant agreed to the short sale.

In June 2010, an offer was made to purchase the property from Plaintiff.  Upon discussing the offer with Defendant, Plaintiff was informed that Defendant would accept the offer only if Plaintiff paid $10,000 to offset the difference between the offer and the remaining balance on the loan.  Objecting to this demand, but wanting to avoid foreclosure, Plaintiff eventually agreed to pay Defendant $2,500, in addition to forfeiting his escrow balance, insurance proceeds, and other refunds, to consummate the short sale.  Escrow closed on the property in June 2010.

On September 16, 2013, Plaintiff filed the instant action in Sacramento Superior Court alleging that, by requiring Plaintiff to pay $2,500, Defendant violated California Civil Code section 580b; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code. § 1788 et seq.; the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.  Defendant removed the action to this court on November 21, 2013.  ECF No. 1.

---

on the briefs.  E.D. Cal. Local Rule 203(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.  ECF No. 1-1.

2

On January 6, 2014, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  ECF No. 5.  Defendant asserts that Plaintiff's claims under section 580b, the RFDCPA, and the FDCPA were not filed within the time required by their respective statutes of limitations and should be dismissed.  Id.  Defendant also argues that these claims should be dismissed on the merits.  Id.  Finally, according to Defendant, Plaintiff's UCL claim should be dismissed as derivative of the first three failed causes of action.  Id.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

2    assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

3    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

4    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

5    the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles

6    Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

7    facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the

8    "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible,

9    their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may

10   proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

11   and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v.

12   Rhodes, 416 U.S. 232, 236 (1974)).

13   A court granting a motion to dismiss a complaint must then decide whether to

14   grant leave to amend.  Leave to amend should be "freely given" where there is no

15   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

16   to the opposing party by virtue of allowance of the amendment, [or] futility of the

17   amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

18   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

19   be considered when deciding whether to grant leave to amend).  Not all of these factors

20   merit equal weight.  Rather, "the consideration of prejudice to the opposing

21   party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833

22   F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is

23   clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v.

24   Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411

25   F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149,

26   1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the

27   complaint . . . constitutes an exercise in futility . . . .")).

28   ///

4

**ANALYSIS**

**A.      Statutes of Limitations**

On June 30, 2010, escrow closed on Plaintiff's short sale, and Plaintiff paid Defendant $2,500.  ECF No. 1-1 at 8.[3]  Plaintiff filed his Complaint over three years and two months later, on September 9, 2013.  Id.

Plaintiff's first cause of action alleges a violation of section 580b, which does not provide its own limitations period.  Pursuant to California law, however, an action based on a statute that does not provide its own limitations period must commence within three years.  Cal. Civ. Proc. Code § 338(a).  Accordingly, Plaintiff's instant claim is untimely.

Plaintiff nonetheless contends that the alternative four-year limitations period set forth in California Code of Civil Procedure section 343 should apply because section 580b was the result of the codification of anti-deficiency rules rooted in common law.  ECF No. 9 at 9.  According to Plaintiff, section 580b is based on common law, not statute, rendering section 338(a) inapplicable.  Plaintiff fails to cite any authority, however, supporting his assertion.  Consequently, the three-year limitations period provided in section 338(a) applies, and Plaintiff's claim is time barred.

Plaintiff's second and third causes of action are based on the RFDCPA and the FDCPA, respectively.  California law requires that a suit based on the RFDCPA must be brought within one year from the date of the occurrence of the violation.  Cal. Civ. Code § 1788.30(f).  An action based on the FDCPA must also be brought within one year.  15 U.S.C. § 1692k(d).  Thus, Plaintiff's claims under the RFDCPA and FDCPA are barred by their respective statutes of limitations as well.

To avoid these statutory bars to Plaintiff's causes of action, Plaintiff argues that Defendant should be equitably estopped from asserting that Plaintiff failed to file his action within the requisite statutes of limitations.  ECF No. 9 at 9-10.  Equitable estoppel derives from the principle that "no man [may] profit from his own wrongdoing in a court of

---

[3] Unless otherwise indicated, all page citations are to the ECF assigned page numbers.

1    justice." Lantzy v. Centex Homes, 31 Cal. 4th 363, 383 (2003) (internal citations and

2    quotations omitted).  Thus, "where the delay in commencing the action is induced by the

3    conduct of the defendant it cannot be availed of by him as a defense." Vu v. Prudential

4    Prop. & Cas. Ins. Co., 26 Cal. 4th 1142, 1152-53 (2001).  Equitable estoppel requires

5    that: "(1) [t]he party to be estopped must know the facts; (2) he must intend that his

6    conduct shall be acted upon, or must so act that the party asserting the estoppel had the

7    right to believe that it was so intended; (3) the party asserting the estoppel must be

8    ignorant of the true state of the facts; and, (4) he must rely upon the conduct to his

9    injury." Spray, Gould & Bowers v. Associated Int'l Ins. Co., 71 Cal. App. 4th 1260, 1268

10   (1999) (internal citations and quotations omitted).

11        Equitable estoppel is not appropriate here.  In Lantzy, the court held that the

12   plaintiffs had not established equitable estoppel because the complaint was devoid of

13   any indication that the defendants' conduct actually and reasonably induced the plaintiffs

14   to forbear suing within the limitations period.  31 Cal. 4th at 385.  Here, too, Plaintiff's

15   claim for equitable estoppel indicates only that he may not have understood his legal

16   rights, not that he was ignorant of the true state of the facts.  In sum, Plaintiff has not

17   shown that Defendant should be equitably estopped from pleading the statute of

18   limitations as a defense, and Plaintiff's claims under section 580b, the RFDCPA, and the

19   FDCPA are time barred.  Accordingly, Defendant's Motion to Dismiss these claims is

20   GRANTED with leave to amend.

21        **B.     Merits**

22        Plaintiff's fourth cause of action under the UCL is derivative of his claims under

23   section 580b, the RFDCPA, and the FDCPA.  See Lazar v. Hertz Corp., 69 Cal. App. 4th

24   1494, 1505 (1999) (holding that section 17200 of the UCL can incorporate conduct

25   unlawful under other statutes as a violation of the UCL).[4]  Because Plaintiff's cause of

26   ───────────────
        [4] The UCL's four-year statute of limitations applies even where the underlying claims on which the
27   UCL claim is based are themselves time barred.  See Cortez v. Purolator Air Filtration Products Co., 23
     Cal. 4th 163, 178-79 (2000) (holding that an action barred under the California Labor Code could still be
28   pursued as a UCL action).  Plaintiff's fourth cause of action is thus timely.

1   action under the UCL survives or fails based upon the underlying statutes, despite the

2   fact those claims are time-barred, it is nonetheless necessary to address the merits of

3   Plaintiff's predicate causes of action.  See Krantz v. BT Visual Images, L.L.C., 89 Cal.

4   App. 4th 164, 178 (2001) (finding that a UCL claim stands or falls depending on the fate

5   of the antecedent substantive causes of action).

6                    **1.      California Civil Procedure Code Section 580b**

7            Section 580b prohibits deficiency judgments following the sale of real property, or

8   under a deed of trust or mortgage on a dwelling for not more than four families given to a

9   lender to secure repayment of a loan that was used to pay all or part of the purchase

10  price of that dwelling, occupied entirely or in part by the purchaser.  Pursuant to section

11  580b, Defendant is barred from seeking a deficiency judgment against Plaintiff for the

12  difference between the short sale amount and the amount remaining on the mortgage.

13  As the basis for this suit, Plaintiff thus alleges that, by requiring that he pay $2,500 and

14  waive certain other monies in exchange for allowing the short sale, Defendant engaged

15  in wrongful collection activity in violation of section 580b.  ECF No. 1-1 at 11.  This

16  contention is without merit.

17          A short sale is a voluntary sale of mortgaged property where the borrower

18  secures the agreement of the lender to release the mortgage upon a bona fide sale to a

19  third party.  Rex v. Chase Home Fin., LLC, 905 F. Supp. 2d 1111, 1138 (C.D. Cal. 2012).

20  At the time of the short sale, there was no California law prohibiting Defendant from

21  seeking contribution in exchange for agreeing to a short sale, and Plaintiff has provided

22  no law to support a finding that requiring his contribution to a short sale is the equivalent

23  of seeking a deficiency judgment in violation of section 580b.

24          The Court is aware that since the time of Plaintiff's short sale, California law has

25  been amended such that banks may no longer require contribution payments in

26  negotiations for short sales.  See Cal. Civ. Proc. Code § 580e(b).  However, that

27  amendment was not retroactive.  Bank of Am., N.A. v. Roberts, 217 Cal. App. 4th 1386

28  (2013).  Accepting Plaintiff's current argument would circumvent the determination that

1    the legislature's change to the law was prospective only.  Accordingly, the Court finds

2    Plaintiff's claim under section 580b is without merit and cannot provide a basis for his

3    UCL cause of action.

4              **2.    Rosenthal Fair Debt Collection Practices Act**

5              The RFDCPA prohibits debt collectors from engaging in unfair or deceptive acts

6    or practices in the collection of consumer debts, and requires debtors to act fairly in

7    entering into and honoring such debts.  Cal. Civ. Code § 1788.1.  Thus, it follows that for

8    a Defendant to be found liable for violating the RFDCPA, the Defendant must be a debt

9    collector involved in debt collection activities, and have engaged in unfair or deceptive

10   acts.

11             Plaintiff cites no relevant authority for the proposition that a defendant agreeing to

12   permit a short sale falls within the RFDCPA's definition of a debt collector engaging in

13   debt collection activities.  Indeed, another court in this district has previously held that

14   short sales do not constitute debt collection activity under that statute, and Plaintiff has

15   not convinced this Court that it should find otherwise.  See Altman v. PNC Mortg., 850 F.

16   Supp. 2d 1057, 1071 (E.D. Cal. 2012).

17             Regardless, to prevail on a claim under the RFDCPA, a plaintiff must also show

18   that the defendant's actions were unfair or deceptive.  Plaintiff's most specific argument

19   is that Defendant misrepresented its right to collect amounts in deficiency of the short

20   sale price.  Id.   However, this argument fails because, again, California law did not

21   prohibit Defendant from seeking contribution in exchange for consenting to the short

22   sale.  See Roberts, 217 Cal. App. 4th at 1386.  As such, Plaintiff cannot rely on the

23   RFDCPA as a predicate for his UCL cause of action.

24             **3.    Fair Debt Collection Practices Act (FDCPA)**

25             Plaintiff's third cause of action alleges violations of the federal FDCPA, 15 U.S.C.

26   §§ 1692e and 1692f.  ECF No. 1-1 at 13.  As with the RFDCPA, to establish a violation

27   of the FDCPA, a plaintiff must show that the defendant was a debt collector engaged in

28   debt collection activity.  15 U.S.C. §§ 1692e & 1692f.  Plaintiff must also show that the

1   defendant used false, deceptive, or misleading representations in connection with debt

2   collection activity, 15 U.S.C. § 1692e, or that the defendant employed unfair or

3   unconscionable means to collect a debt, 15 U.S.C. § 1692f.

4        Plaintiff's claim under the FDCPA suffers from the same basic flaws as his

5   RFDCPA claim.  That is, short sales do not constitute debt collection for purposes of the

6   FDCPA.  <u>See</u> <u>Cromwell v. Deutsche Bank Nat. Trust. Co.</u>, No. C-11-2693-PJH, 2012 WL

7   244928, at *2 (N.D. Cal. Jan. 25, 2012).  Moreover, as above, Plaintiff again failed to

8   allege that Defendant made any false representations or employed any unfair or

9   unconscionable means to collect a debt.

10        Because the UCL is a derivative claim, and Plaintiff has failed to state a claim for

11   his first three causes of action, his claim under the UCL also fails.  Thus, Plaintiff's fourth

12   cause of action under the UCL is DISMISSED with leave to amend as well.

13   //

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2

3        For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is

4   GRANTED with leave to amend, and Plaintiff's Complaint is dismissed.  Plaintiff may, but

5   is not required to, file an amended complaint.  If no amended complaint is filed within

6   twenty (20) days of the date this Order is electronically filed, the causes of action

7   dismissed by this Order shall be dismissed with prejudice without further notice to the

8   parties.

9        IT IS SO ORDERED.

10  Dated:  March 17, 2014

11

12

13  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE
14  UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10